# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

599 Lexington Avenue, 17th Floor
New York, New York 10022
Telephone: 212.492.2500
Facsimile: 212.492.2501
www.ogletreedeakins.com

Robert M. Tucker
212.492.2510
robert.tucker@ogletree.com

January 18, 2024

**VIA ECF**

Hon. J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square, Rm 2101
New York, New York 10007

> Granted. The Clerk of Court is directed to close the motion at ECF No. 6. The briefing schedule for Defendant's new motion to dismiss herein is adopted and so ordered.
>   January 18, 2024
>
> */s/ J. Paul Oetken*
> J. PAUL OETKEN
> United States District Judge

RE: *Ashante Charles, et al. v. United States of Aritzia Inc.*
Case No. 23-cv-9389 (JPO)

Dear Judge Oetken:

We represent Defendant, United States of Aritzia Inc. ("Aritzia") in the above-referenced action. We write on behalf of the parties to request permission to withdraw Aritzia's pending Motion to Dismiss the Complaint and Strike Class Allegations (ECF No. 6) without prejudice and file a new motion that addresses a Decision & Order issued by the Appellate Division, Second Department, yesterday in *Grant v. Global Aircraft Dispatch, Inc.*, Index No. 720074/2019 (2d Dep't Jan. 17, 2024). A copy of the *Grant* decision is enclosed herewith.

Plaintiff's sole claim is for a purported frequency-of-pay violation of New York Labor Law ("NYLL") § 191. In its pending motion, Aritzia moves to dismiss the Complaint on the grounds that Plaintiff lacks standing under Article III of the Constitution and that there is no private right of action under the NYLL for a mere frequency-of-pay violation. In *Grant*, the Second Department held that there is no express or implied private right of action under the NYLL for a mere frequency-of-pay violation thereby creating a split in the Appellate Division with the First Department, which previously held that there is a private right of action for such violations (*Vega v. CM and Associates Construction Management, LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019)).

Given that Aritzia's pending motion is not fully briefed and that the *Grant* decision directly relates to one of Aritzia's grounds for dismissal, the parties believe that it would be more efficient and effective to account for the development in *Grant* in new briefing rather than in cumbersome supplemental briefing. If Your Honor agrees and grants the parties' request, the parties propose the following briefing schedule for the new motion:

- Aritzia files its moving papers on or before February 1, 2024.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis
Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ Richmond
St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

Hon. J. Paul Oetken
January 18, 2024
Page 2

- Plaintiff files her opposition papers on or before March 1, 2024.
- Aritzia files its reply papers on or before March 21, 2024.

We thank Your Honor for your consideration of the parties' request.

Respectfully submitted,

*/s/ Robert M. Tucker*

Robert M. Tucker


cc: Brett Cohen, Esq.
    *Counsel for Plaintiffs*

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D73657
M/htr

\_\_\_\_\_AD3d\_\_\_\_\_                                                                                   Argued - April 21, 2023

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03202                                                                                   DECISION & ORDER

Besante Fitzgerald Grant, etc., appellant, v Global
Aircraft Dispatch, Inc., respondent.

(Index No. 720074/19)

Abdul Hassan Law Group, PLLC, Queens Village, NY (Abdul K. Hassan of counsel), for appellant.

Jackson Lewis P.C., Melville, NY (Jeffrey W. Brecher of counsel), for respondent.

In a putative class action, inter alia, to recover damages for violations of Labor Law article 6, the plaintiff appeals from an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered April 20, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff, who allegedly was employed by the defendant as a manual worker, commenced this putative class action on behalf of himself and a proposed class composed of other manual workers employed by the defendant. In the first cause of action, the plaintiff alleged that the defendant paid him and the putative class members on a biweekly, rather than weekly, basis, in violation of Labor Law § 191(1)(a). For this alleged violation, the plaintiff sought to recover liquidated damages, prejudgment interest, and attorneys' fees.

The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, arguing that no private right of action existed for the claimed violation of Labor Law § 191(1)(a). In an order entered April 20, 2021, the Supreme Court, among other things, granted that branch of the defendant's motion which was to dismiss the first cause of action. The plaintiff

appeals.

Labor Law § 191, entitled "Frequency of payments," provides, inter alia, with certain exceptions not applicable here, that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" (*id.* § 191[1][a][i]). This requirement, first imposed in 1890 (*see* L 1890, ch 388, § 1), was intended "to assure prompt payment of daily wages to those . . . who depended upon their earnings for support on a per diem rather than on a salary basis" (*People v Vetri*, 309 NY 401, 405). The enforcement mechanism provided in the original statute was a civil penalty, not exceeding $50 and not less than $10 for each violation, to be recovered in a civil action (*see* L 1890, ch 388, § 2). Additionally, failure to pay wages within the time prescribed constituted a misdemeanor for which an employer could be criminally prosecuted (*see People v Vetri*, 309 NY at 404-405, citing former Penal Law § 1272).

The weekly pay requirement for manual workers, while subject to some amendment, such as to permit the Commissioner of Labor (hereinafter the Commissioner) to authorize larger employers with a history of employment in the State to pay biweekly (*see* Labor Law § 191[1][a][ii]), has been retained since 1890 (*see e.g.* Mem in Support, Bill Jacket, L 1966, ch 548 at 2 [explaining that the subject act repealed and replaced article 6 of the Labor Law "[w]hile retaining present provisions dealing with when wages of manual workers . . . must be paid"]). Similarly, the Labor Law continues to provide for civil and criminal penalties for violations of article 6 (*see* Labor Law §§ 197, 198, 218; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 16; *Matter of IKEA U.S. v Industrial Bd. of Appeals*, 241 AD2d 454, 455).

The plaintiff contends that, in addition to the official enforcement mechanism provided for in article 6, there exists a private right of action to recover damages for violations of the "[f]requency of payments" provision (Labor Law § 191). The plaintiff recognizes that Labor Law § 191 does not expressly authorize such a private right of action (*cf. AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 15), but contends that a private right of action is expressly provided for in Labor Law § 198.

Initially, contrary to the Supreme Court's conclusion, this Court's decision in *Matter of IKEA U.S. v Industrial Bd. of Appeals* (241 AD2d 454) is not dispositive of this question. That decision confirmed an administrative determination of the Commissioner finding that the petitioning employer had violated Labor Law § 191(1)(a) by failing to pay weekly wages to manual workers (*see Matter of IKEA U.S. v Industrial Bd. of Appeals*, 241 AD2d 454). The fact that the Commissioner exercised the statutory authority to enforce section 191(1)(a) in that case, and that this Court confirmed the determination that the statute was, in fact, violated, has no bearing upon the question of whether manual workers possess a private right of action to recover damages for such a violation. Nevertheless, we conclude that neither the language nor the legislative history of Labor Law § 198 supports the plaintiff's contention that this statute expressly provides a private right of action to recover liquidated damages, prejudgment interest, and attorneys' fees for a violation of Labor Law § 191(1)(a) where, as here, the employer pays wages pursuant to a regular biweekly pay schedule.

Labor Law § 198(1-a) permits the Commissioner to bring an action or administrative proceeding "[o]n behalf of any employee paid *less than* the wage to which he or she is entitled . . .

to collect such claim" (emphasis added). That subdivision further provides: "In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any *underpayment*, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its *underpayment* of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due" (*id.* [emphasis added]).

In *Vega v CM & Assoc. Constr. Mgt., LLC* (175 AD3d 1144), the Appellate Division, First Department, considered the question now before this Court—whether Labor Law § 198(1-a) expressly provides a private right of action for a manual worker paid on a biweekly basis in violation of Labor Law § 191(1)(a) to recover liquidated damages, interest, and attorneys' fees. The First Department determined that such a private right of action exists, concluding that the "wage claim[s]" to which section 198 refers include not only instances of nonpayment or partial payment of wages, but also late payment of wages (*see Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1145-1146). The First Department reasoned that "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required," thereby permitting recovery for underpayment under section 198(1-a) (*Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1145). The First Department, as the plaintiff does here, equated the biweekly pay schedule with a violation and cure, the cure serving merely as an affirmative defense, which could not "eviscerate the employee's statutory remedies" (*id.*).

We respectfully disagree with the reasoning of *Vega* and decline to follow it. The plain language of Labor Law § 198(1-a) supports the conclusion that this statute is addressed to nonpayment and underpayment of wages, as distinct from the frequency of payment (*see Gutierrez v Bactolac Pharm., Inc.*, 210 AD3d 746, 747), and we do not agree that payment of full wages on the regular biweekly payday constitutes nonpayment or underpayment.

The first sentence of Labor Law § 198(1-a) refers to an employee being "paid *less* than the *wage* to which he or she is entitled" (emphasis added). "Wages" is defined as "the earnings of an employee for labor or services rendered" (*id.* § 190[1]). The natural import of this phrase, as well as the later, related reference to an employee recovering "the full amount of any *underpayment*" (*id.* § 198[1-a] [emphasis added]), is that an employee has received a lesser amount of earnings than agreed upon, not that the employee received the agreed-upon amount one week later, on the regular payday.

Moreover, acknowledging that he was paid his wages in full, the plaintiff here seeks only liquidated damages (as well as interest and attorneys' fees). However, section 198(1-a) provides for liquidated damages as an "additional amount," clearly contemplating recovery of an underpayment as the primary, foundational remedy. In other words, under the statute as written, the recovery of liquidated damages is dependent upon the recovery of an underpayment. Thus, absent an underpayment or nonpayment, liquidated damages are not available. While we agree with the proposition set forth by our dissenting colleague that "[m]oney later is not the same as money now" (*Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *1, 2022 US Dist LEXIS 234643, *3 [ED NY, No. 2:22-cv-02861-BMC] [internal quotation marks omitted]), or, in other words, that late payment

is injurious to workers, we nevertheless are bound to "give effect to the plain meaning of [the] words used" in the statute and may not "legislate under the guise of interpretation" (*People v Finnegan*, 85 NY2d 53, 58 [internal quotation marks omitted]).

The First Department's reasoning that the "moment an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required" (*Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1145), seems to be based upon the premise that a payment was *due* after the first week of the biweekly pay period and that the employer therefore failed to pay the wages due after that first week.  However, where an employer uses a regular biweekly pay schedule, that employer's payment of wages is due, under the employment agreement between the employer and an employee, every two weeks.  Such an agreed-upon pay schedule between an employer and a manual worker violates the frequency of payments requirement (*see* Labor Law § 191[2]), but is not equivalent, in our view, with a nonpayment or underpayment of wages subject to collection with an additional assessment of liquidated damages.  The employer's payment of full wages on the regular payday is crucial and distinguishes this case from federal cases under the Fair Labor Standards Act in which courts have concluded that employers were liable for liquidated damages for violating the prompt payment requirement implied in that law by, for example, paying overtime compensation two years after it was earned (*see Brooklyn Savings Bank v O'Neil*, 324 US 697, 700, 707-708), or failing to pay on the regular payday (*see Biggs v Wilson*, 1 F3d 1537, 1538 [9th Cir]; *cf. Rogers v City of Troy, N.Y.*, 148 F3d 52, 55-57 [2d Cir]).

As to the string of federal cases relied upon by our dissenting colleague to support the conclusion that Labor Law § 198(1-a) provides an express private right of action for a violation of section 191, those cases merely adopted the holding of *Vega* as the only appellate-level state law on point (*see e.g. Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *6, 2022 US Dist LEXIS 234643, *14; *Confusione v Autozoners, LLC*, 2022 WL 17585879, 2022 US Dist LEXIS 223438 [ED NY, No. 21-CV-00001 (JMA) (AYS)]; *Mabe v Wal-Mart Assoc., Inc.*, 2022 WL 874311, *1, 2022 US Dist LEXIS 53492, *3 [ND NY, No. 1:20-cv-00591] ["As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts . . . in the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise" (internal quotation marks omitted)]).  Thus, these federal decisions provide little substantive support for the reasoning and determination set forth in *Vega*.  Indeed, while concluding that they were bound to adopt *Vega*, some of these courts expressed doubt as to the correctness of that decision (*see Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *4-6, 2022 US Dist LEXIS 234643, *10-14; *Espinal v Sephora USA, Inc.*, 2022 WL 16973328, *5-6, 2022 US Dist LEXIS 208400, *11-14 [SD NY, No. 22 Civ. 03034 (PAE) (GWG)], *report and recommendation adopted by* 2023 WL 2136392, 2023 US Dist LEXIS 28661 [SD NY, No. 22 Civ. 03034 (PAE) (GWG)]; *Harris v Old Navy, LLC*, 2022 WL 16941712, *7, 2022 US Dist LEXIS 206664, *18 [SD NY, No. 21 Civ. 9946 (GHW) (GWG)], *report and recommendation adopted by* 2023 WL 2139688, 2023 US Dist LEXIS 28419 [SD NY, No. 1:21-cv-9946-GHW]).

Notably, after the First Department decided *Vega*, the Court of Appeals decided *Konkur v Utica Academy of Science Charter Sch.* (38 NY3d 38), in which it declined to conclude that an employer's violation of the prohibition against requesting or demanding a "return, donation or contribution" of any part of an employees' wages (i.e., kickbacks) (Labor Law § 198-b[2])

constituted a wage claim within the meaning of Labor Law § 198(1-a) (*see Konkur v Utica Academy of Science Charter Sch.*, 38 NY3d at 44).  Thus, the mere fact that a violation of the Labor Law had the effect of reducing employees' wages (even permanently) did not bring that Labor Law violation under the auspices of Labor Law § 198(1-a), which covers nonpayment and partial payment of wages.[*]

Interpreting Labor Law § 198(1-a) as covering nonpayment and partial payment of wages, as distinct from the frequency-of-pay violation alleged here, is consonant with its legislative history.  Subdivision 1 of section 198—permitting an additional award of costs, above ordinary costs, in an action instituted upon a wage claim by an employee or the Commissioner—was added in 1937, along with provisions allowing employees to assign wage claims to the Commissioner (*see* L 1937, ch 500).  The legislation was aimed at easing the burden on and expense to employees (as well as the Legal Aid Society, which often represented them) of instituting actions to collect on small wage claims (*see* Letter from George Lion Cohen, Bill Jacket, L 1937, ch 500 at 4-5).  It essentially empowered the Commissioner to take assignment of private causes of action (alleging breach of contract) already possessed by the employees, not created by statute.

In 1967, section 1-a was added, allowing an employee or the Commissioner to obtain reasonable attorneys' fees in wage collection actions and requiring employers to pay an additional amount of liquidated damages if the employer's failure to pay the wage was willful (*see* L 1967, ch 310).  As explained at the time of its enactment: "A failure or refusal to pay any employee his wages and to put him to the trouble of hiring an attorney to pursue the payment of wages or to impose upon the public to pursue this type of claim through the courts is action that can only merit public condemnation" (Rep of Comm on Labor Law, Bill Jacket, L 1967, ch 310 at 10).  The fact that recovery was limited to "the amount of such underpayment," without liquidated damages, was deemed to have encouraged employers "to violate the statute in the expectation that if they [were] caught, their sole obligation [would] be to pay the back wages without interest" (Mem of Industrial Commissioner, Bill Jacket, L 1967, ch 310 at 4).

The willfulness requirement for liquidated damages was replaced in 2009 so as to place the burden upon employers to show good faith, and the Commissioner was given the authority "to bring a court action or administrative proceeding to collect wage underpayments" (Assembly Mem in Support, Bill Jacket, L 2009, ch 372 at 5).  The purpose of those amendments was to benefit "low-wage workers struggling to support their families on the minimum wage" in the "many cases" in which "employers [had] failed for years to pay even the well-publicized minimum wage rate" (*id.* at 6).  Finally, Labor Law § 198(1-a) was further amended in 2010, as part of the Wage Theft Prevention Act, to increase the amount of liquidated damages and to require courts to allow employees "to recover the full amount of any underpayment" (L 2010, ch 564, § 7).  The bill was

---

[*]We recognize that the federal case law cited in the preceding paragraph determined that *Konkur* did not abrogate *Vega*'s determination regarding an *express* private right of action (*see e.g. Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *4-6, 2022 US Dist LEXIS 234643, *10-14).  We do not suggest otherwise, as *Konkur* concerned an implied private right of action under a different provision of the Labor Law.  Rather, we conclude that *Konkur* raises doubt as to the reasoning underlying the First Department's decision in *Vega*, in the manner just described.

necessary, the New York State Department of Labor explained, because "[c]urrent penalties for wage theft [were] so low that there [was] a financial incentive to underpay workers . . . [,] creat[ing] an environment in which a large number of employees in the state [were] earning less than minimum wage . . . while others [were] paid less than their agreed-upon wage" (Letter from NY St Dept of Labor, Bill Jacket, L 2010, ch 564 at 9).

In sum, this legislative history reveals that Labor Law § 198(1-a) was aimed at remedying employers' failure to pay the amount of wages required by contract or law. There is no reference in the legislative history of Labor Law § 198 to the frequency or timing of wage payments, and nothing to suggest that the statute was meant to address circumstances in which an employer pays full wages pursuant to an agreed-upon, biweekly pay schedule that nevertheless does not conform to the frequency of payments provision of law.

Accordingly, we conclude that Labor Law § 198 does not expressly provide for a private right of action to recover liquidated damages, prejudgment interest, and attorneys' fees where a manual worker is paid all of his or her wages biweekly, rather than weekly, in violation of Labor Law § 191(1)(a).

To the extent that the plaintiff contends that such a private right of action should be implied, we reject that contention. A private right of action cannot be implied from the statutory provisions and their legislative history unless, among other factors, "creation of such a right would be consistent with the legislative scheme" (*Konkur v Utica Academy of Science Charter Sch.*, 38 NY3d at 41 [internal quotation marks omitted]). In *Konkur*, the Court of Appeals concluded that a private right of action to recover damages for a violation of Labor Law § 198-b, prohibiting kickbacks, could not be implied because the statutory scheme "expressly provide[d] two robust enforcement mechanisms, 'indicating that the legislature considered how best to effectuate its intent and provided the avenues for relief it deemed warranted'" (*Konkur v Utica Academy of Science Charter Sch.*, 38 NY3d at 43, quoting *Cruz v TD Bank, N.A.*, 22 NY3d 61, 71). In other words, the Court determined that, "in the face of significant enforcement mechanisms provided for in the statute," a private right of action would not be consistent with the legislative scheme (*Konkur v Utica Academy of Science Charter Sch.*, 38 NY3d at 42). Since multiple official enforcement mechanisms for violations of Labor Law § 191 are similarly provided, we conclude that, under *Konkur*, a private right of action cannot be implied (*see Konkur v Utica Academy of Science Charter Sch.*, 38 NY3d at 43).

Consequently, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the first cause of action.

In light of our determination, we need not reach the parties' remaining contentions.

IANNACCI, J.P., CHAMBERS and WARHIT, JJ., concur.

CHRISTOPHER, J., concurs in part and dissents in part, and votes to modify the order, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted by the plaintiff

individually and so much of the first cause of action as sought to recover interest on behalf of others similarly situated, and substituting therefor a provision denying those branches of the motion, and, as so modified, to affirm the order insofar as appealed from, with the following memorandum:

I respectfully disagree with the conclusions reached by my colleagues in the majority to affirm the order insofar as appealed from. In my view, that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted by the plaintiff individually should have been denied, as Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191, which right may also be implied.

Labor Law § 191, entitled "Frequency of payments," provides, in pertinent part, that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" (*id.* § 191[1][a][i]). Labor Law § 198(1-a) provides that: "In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover the full amount of any *underpayment*, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its *underpayment* of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due" (emphasis added).

This appeal presents the question of whether Labor Law § 198(1-a) expressly provides a private right of action for a manual worker paid on a biweekly basis in violation of Labor Law § 191(1)(a) to recover liquidated damages, interest, and attorneys' fees. The Appellate Division, First Department, considered this question in *Vega v CM & Assoc. Constr. Mgt., LLC* (175 AD3d 1144) and concluded that such a private right of action exists, and that the actionable "wage claim[s]" to which Labor Law § 198 refers include not only instances of nonpayment or partial payment of wages, but also the late payment of wages (*see Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1145-1146). The First Department determined that, contrary to the defendant employer's argument that Labor Law § 198 provides remedies only in the event of nonpayment or partial payment of wages, "the plain language of [Labor Law § 198(1-a)] indicates that individuals may bring suit for any 'wage claim' against an employer" (*Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1145). Further, the First Department concluded that "[t]he remedies provided by section 198(1-a) apply to violations of article 6, and section 191(1)(a) is a part of article 6" (*id.* [citation and internal quotation marks omitted]).

The *Vega* court reasoned that "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required" (*id.*). Thus, "the term underpayment [in section 198(1-a)] encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action" (*id.*). Further, an employer may not attempt "to cure a violation and evade the statute by paying the wages that are due before the commencement of an action" (*id.*). While an "employer may assert an affirmative defense of payment if there are no wages for the 'employee to recover' (Labor Law § 198[1-a])," the fact that an employee was paid all the wages he or she earned "does not eviscerate the employee's statutory remedies" (*id.*).

The majority declines to follow the *Vega* decision and determines that Labor Law § 198 does not expressly provide a right of action for a violation of Labor Law § 191(1)(a). Contrary to the *Vega* decision, the majority reasons that where an employer uses a regular biweekly pay schedule, such an agreed-upon pay schedule between an employer and a manual worker violates the frequency of payments requirement under Labor Law § 191(2), but is not equivalent to a nonpayment or underpayment of wages permitting recovery under Labor Law § 198(1-a).

I respectfully disagree. In my view, the late payment of wages is tantamount to a nonpayment or underpayment of wages, which permits recovery under Labor Law § 198(1-a). "'Money later is not the same as money now'" (*Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *1, 2022 US Dist LEXIS 234643, *3 [ED NY, No. 2:22-cv-02861-BMC], quoting *Stephens v U.S. Airways Group, Inc.*, 644 F3d 437, 442 [DC Cir, Kavanaugh, J., concurring]). "The delay in receiving wages stripped [the] plaintiff[ ] of the opportunity to use funds to which [he was] legally entitled resulting in an injury sufficiently analogous to harms traditionally recognized at common law" (*Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *1, 2022 US Dist LEXIS 234643, *3 [internal quotation marks omitted]). "Not having money you're supposed to have means that the time value of money has decreased" (*Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *2, 2022 US Dist LEXIS 234643, *4).

To the extent that the majority cites to this Court's decision in *Gutierrez v Bactolac Pharm., Inc.* (210 AD3d 746) to support the conclusion that Labor Law § 198(1-a) is addressed to nonpayment and underpayment of wages, as distinct from the frequency of payment, such reliance is misplaced. In *Gutierrez*, this Court affirmed so much of an order as directed dismissal of a cause of action alleging violations of Labor Law § 191, wherein the plaintiff was not claiming a violation regarding frequency of pay, but rather was seeking to recover damages for unpaid wages. *Gutierrez* did not determine that a violation of Labor Law § 191(1)(a) does not result in unpaid wages or underpaid wages for purposes of whether a private right of action exists under Labor Law § 198(1-a).

The majority also relies upon the Court of Appeals' decision in *Konkur v Utica Academy of Science Charter Sch.* (38 NY3d 38) to support its conclusion that Labor Law § 198(1-a) does not expressly provide for a private right of action for a violation of Labor Law § 191. In *Konkur*, the Court of Appeals held that a private right of action was unavailable for Labor Law § 198-b claims concerning wage kickbacks. The Court found that the statute did not provide an express private right of action, and "no such freestanding private right of action was intended by the legislature" (*Konkur v Utica Academy of Science Charter Sch.*, 38 NY3d at 39). The majority deduces from *Konkur* that "the mere fact that a violation of the Labor Law had the effect of reducing employees' wages (even permanently) did not bring that Labor Law violation under the auspices of Labor Law § 198(1-a), which covers nonpayment and partial payment of wages."

I find instructive the reasoning in several federal decisions. "Although the reasoning of *Konkur* does echo issues raised" in the instant case, *Konkur* involved a different and unrelated statute (*Espinal v Sephora USA, Inc.*, 2022 WL 16973328, *9, 2022 US Dist LEXIS 208400, *22 [SD NY, No. 22 Civ. 03034 (PAE) (GWG)], *report and recommendation adopted by* 2023 WL 2136392, 2023 US Dist LEXIS 28661 [SD NY, No. 22 Civ. 03034 (PAE) (GWG)]). "On its face, *Konkur* does not stand for the propositions that the late payment of wages is not the underpayment

of wages, or that the late payment of wages is not a wage claim privately actionable under Section 198(1-a). Thus, *Konkur* does not directly contradict the *Vega* Court's determination that the late payment of wages is an underpayment of wages" (*Mabe v Wal-Mart Assoc., Inc.*, 2022 WL 874311, *6, 2022 US Dist LEXIS 53492, *17 [ND NY, No. 1:20-cv-00591]; *see Rosario v Icon Burger Acquisition LLC*, 2022 WL 17553319, *5, 2022 US Dist LEXIS 222321, *11-12 [ED NY, No. 21-CV-4313 (JS) (ST)]).

Following the Court of Appeals' decision in *Konkur*, many federal district courts have addressed the instant issue of whether Labor Law § 198(1-a) provides a private right of action for a violation of Labor Law § 191. These courts have considered *Vega* in light of *Konkur*, but have adopted *Vega*'s determination that the late payment of wages constitutes an underpayment of wages, and that Labor Law § 198(1-a) provides a private right of action for violations of Labor Law § 191 (*see Georgiou v Harmon Stores, Inc.*, 2023 WL 112805, *2-6, 2022 US Dist LEXIS 234643, *5-14; *Confusione v Autozoners, LLC*, 2022 WL 17585879, *1, 2022 US Dist LEXIS 223438, *3-4 [ED NY, No. 21-CV-00001 (JMA) (AYS)]; *Rosario v Icon Burger Acquisition LLC*, 2022 WL 17553319, *4-5, 2022 US Dist LEXIS 222321, *10-15; *Day v Tractor Supply Co.*, 2022 WL 19078129, *4-7, 2022 US Dist LEXIS 217201, *10-19 [WD NY, No. 22-CV-489-JLS-MJR], *report and recommendation adopted by* 2023 WL 2560907, 2023 US Dist LEXIS 45489 [WD NY, No. 22-CV-489 (JLS) (MJR)]; *Rath v Jo-Ann Stores, LLC*, 2022 WL 17324842, *3-8, 2022 US Dist LEXIS 214798, *6-19 [WD NY, No. 21-CV-791S]; *Espinal v Sephora USA, Inc.*, 2022 WL 16973328, *5-9, 2022 US Dist LEXIS 208400, *11-23; *Harris v Old Navy, LLC*, 2022 WL 16941712, *5-10, 2022 US Dist LEXIS 206664, *14-27 [SD NY, No. 21 Civ. 9946 (GHW) (GWG)], *report and recommendation adopted by* 2023 WL 2139688, 2023 US Dist LEXIS [SD NY, No. 1:21-cv-9946-GHW]; *Levy v Endeavor Air Inc.*, 638 F Supp 3d 324, 331-332 [ED NY]; *Mabe v Wal-Mart Assoc., Inc.*, 2022 WL 874311, *8, 2022 US Dist LEXIS 53492, *20).

The majority also concludes that a private right of action under Labor Law § 198(1-a) may not be implied because "multiple official enforcement mechanisms for violations of Labor Law § 191 are [already] provided" for. The majority further cites to *Konkur* to support this conclusion. However, I conclude, as Justice Rivera opined in her dissenting opinion in *Konkur* regarding Labor Law § 198-b, that in the instant matter, the fact that other enforcement mechanisms are available to the plaintiff for violations of Labor Law § 191 "does not mean that the legislature foreclosed a private right of action [for this section] or that recognizing such a right would be at odds with the statutory scheme" (*Konkur v Utica Academy of Science Charter Sch.*, 38 NY3d at 52 [Rivera, J., dissenting]).

In my view, just as the First Department concluded in *Vega*, even if Labor Law § 198 does not expressly authorize a private right of action for a violation of the requirements of Labor Law § 191, a remedy may be implied, as the "plaintiff is one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme" (*Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1146). The plaintiff is a "manual worker," as defined by the statute, and allowing him to bring suit would promote the legislative purpose of section 191, which is to protect workers who are generally "dependent upon their wages for sustenance" (*Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1146 [internal quotation

marks omitted]; *see People v Vetri*, 309 NY 401, 405), and section 198, "which was enacted to deter abuses and violations of the labor laws" (*Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1146; *see P&L Group v Garfinkel*, 150 AD2d 663, 664).  The creation of such a right would also be consistent with the legislative scheme, as section 198 "explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so" (*Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1147; *see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 15).

Accordingly, I respectfully disagree with my colleagues in the majority, and would determine that Labor Law § 198(1-a) provides a private right of action for a violation of Labor Law § 191, and, in addition, a private right of action may also be implied (*see Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d at 1146-1147).

Although the majority did not reach the issue of whether the plaintiff can seek liquidated damages on behalf of the putative class members, in my view, he cannot.  Pursuant to CPLR 901(b), "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."  Liquidated damages have been viewed as a penalty (*see Carter v Frito-Lay, Inc.*, 74 AD2d 550, 551, *affd* 52 NY2d 994; *see also Griffin v Gregorys Coffee Mgt. LLC*, 2019 NY Slip Op 31125[U] [Sup Ct, NY County]), and Labor Law § 198(1-a) does not specifically authorize that liquidated damages are recoverable in a class action.  Accordingly, I would conclude that while the plaintiff is entitled to proceed on his claim for liquidated damages in his individual capacity, pursuant to CPLR 901(b), he may not seek to recover liquidated damages on behalf of the putative class members, although he may seek to recover interest on behalf of the putative class members (*see id.*; *see generally Borden v 400 E. 55th St. Assoc., L.P.*, 24 NY3d 382, 397; *Brown v Mahdessian*, 206 AD3d 511, 511).

ENTER:

Darrell M. Joseph
Acting Clerk of the Court